UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |  |
|---|---|---|
| MICHAEL LEE SIPIN, | ) | CASE NO. C08-247 RSM |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | ORDER GRANTING DEFENDANTS' |
| v. | ) | MOTION FOR PARTIAL SUMMARY |
|  | ) | JUDGMENT |
| KING COUNTY, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **I. INTRODUCTION**

This matter comes before the Court on "Defendants Ronald B. Heusser and Engineering Accident Analysis' Motion for Partial Summary Judgment." (Dkt. #30). Defendants argue that Plaintiff's state law claims are barred by the expert witness immunity doctrine. Defendants also argue that Plaintiff has failed to meet the elements for a malicious prosecution claim under state or federal law. Plaintiff responds that the expert witness immunity doctrine does not apply to non-testimonial acts. Plaintiff also contends that dismissal of his malicious prosecution claims is premature.

For the reasons set forth below, the Court agrees with Defendants, and GRANTS Defendants' motion.

ORDER
PAGE - 1

## II. DISCUSSION

### A. Background

The instant lawsuit arises out of a state criminal proceeding involving Plaintiff Michael Lee Sipin. Mr. Sipin and David Taylor were riding in a brand new 2000 BMW Z3 owned by Mr. Sipin when it crashed into a tree near Maple Valley, Washington on March 6, 2000. The accident resulted in Mr. Taylor's death, and the King County Prosecutor's Office charged Mr. Sipin with vehicular homicide. During trial, the State sought to admit the expert witness testimony of accident reconstructionist Ronald Heusser. After conducting a *Frye* hearing, the trial court admitted Mr. Heusser's expert testimony. Mr. Heusser testified that Mr. Sipin was the driver based on a computer-generated simulation program called PC-CRASH.

In December of 2002, a jury convicted Mr. Sipin of vehicular homicide. Mr. Sipin appealed his conviction, and the Court of Appeals reversed the trial court's admission of Mr. Heusser's testimony. The Court of Appeals found that "we cannot be confident that a scientific consensus has been achieved among accident reconstructionists that PC-CRASH is capable of accurately performing the predictions to which [Mr. Heusser] testified. Accordingly, reversal and remand for a new trial with a new *Frye* hearing is required." *State v. Sipin*, 130 Wn. App. 403, 406 (2005). On remand, the vehicular homicide charge was dismissed and Mr. Sipin pled guilty to a misdemeanor charge of driving under the influence. (Dkt. #31, Decl. of McGaughey, Ex. B).

Mr. Sipin (hereinafter "Plaintiff") subsequently brought the instant lawsuit against Mr. Heusser and his business, Engineering Accident Analysis. Plaintiff also named King County and Officer David Wells as Defendants. Plaintiff brought a myriad of state and federal law claims against these parties, including deprivation of his constitutional rights under the Fourth and Fourteenth Amendments, as well as claims for negligence and malicious prosecution. Mr. Heusser and Engineering Accident Analysis now move for partial summary judgment on Plaintiff's state law claims of negligence and malicious prosecution, as well as his federal claim of malicious prosecution in violation of the Fourth Amendment.

Notably, Plaintiff construes Defendants' partial summary motion as a Rule 12(b)(6) motion to dismiss. However, and as Defendants correctly contend, Plaintiff cannot unilaterally change the standard of review as a non-moving party. In addition, Defendants answered Plaintiff's complaint before filing their motion for partial summary judgment, and Defendants' motion relies upon declarations that fall outside Plaintiff's complaint. The Court finds no basis to construe Defendants' motion as a Rule 12(b)(6) motion to dismiss.

**B. Standard of Review**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP 56(c). The Court must draw all reasonable inferences in favor of the non-moving party. *See Gizoni v. Southwest Marine, Inc.*, 909 F.2d 385, 387 (9th Cir. 1990). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Mere disagreement, or the bald assertion that a genuine issue of material fact exists, does not preclude the use of summary judgment. *See Coverdell v. Dept. of Social and Health Servs.*, 834 F.2d 758, 769 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *Id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citation omitted). Conclusory or speculative testimony is insufficient to raise a genuine issue of fact. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F.3d 337, 345 (9th Cir. 1995).

**C. Claims Against Engineering Accident Analysis**

At the outset, the Court finds that Engineering Accident Analysis has no place in this lawsuit. As Defendants correctly indicate, a sole proprietorship is treated as one and the same as the owner of the sole proprietorship for purposes of civil liability. Indeed, the law in

Washington is patently clear. "[A] sole proprietorship does not have legal standing to sue or be sued in its own right. To sue a sole proprietorship, one must sue the individuals comprising the business." *Dolby v. Worthy*, 141 Wn. App. 813, 816 (2007). Here, Mr. Heusser is the sole proprietor of Engineering Accident Analysis. Accordingly, all claims against Engineering Accident Analysis shall be dismissed.

### D. Witness Immunity

It is well established that "witnesses in judicial proceedings are absolutely immune from suit based on their testimony." *Bruce v. Byrne-Stevens & Assocs. Engineers, Inc.*, 113 Wash.2d 123, 125 (1989). "The purpose of granting immunity to participants in judicial proceedings is to preserve and enhance the judicial process." *Id.* at 128; *see also Deatherage v. Board of Psychology*, 134 Wash.2d 131, 136 (1997) ("The rule is provided as an encouragement to make a full disclosure of all pertinent information within their knowledge.") (internal quotations and citation omitted). Without this immunity, witnesses may either "be reluctant to come forward to testify," or once they take the stand, their "testimony might be distorted by fear of subsequent liability." *Bruce*, 113 Wash.2d at 126 (citations omitted).

The immunity also extends to privately retained and compensated experts. The court in *Bruce* specifically held that "it is immaterial that an expert witness is retained by a party rather than appointed by the court. The basic policy of ensuring frank and objective testimony obtains regardless of how the witness comes before the court." *Id.* at 129.

Based upon this well-established case law, there is no doubt that Mr. Heusser fits squarely within this immunity. He testified in Plaintiff's state criminal trial that Plaintiff was the driver of the vehicle at the time of the crash. He based this opinion on a computer-generated simulation program that he believed was accurate. What Mr. Heusser engaged in was no different than what occurs in hundreds of trials all over the country each day. Expert witnesses testify, and the fact-finder is permitted to weigh this evidence. This is a fundamental characteristic of our nation's court system.

Nevertheless, Plaintiff suggests that because his conviction was later reversed, the immunity should not apply. Plaintiff contends that the Court of Appeals' opinion is "a powerful indictment of Heusser's misconduct" (Dkt. #39 at 6), and that the opinion proves that his "conviction was obtained through fraud, perjury or other corrupt practice[s]." (Dkt. #39 at 3). However, Plaintiff's characterization of this opinion is at best an overstatement of the findings made by that court, and at worst a misrepresentation to this Court. Nowhere in the opinion is there any mention of fraud, perjury or corruption by Mr. Heusser. And nothing in the opinion suggests that Mr. Heusser intentionally fabricated his report or otherwise engaged in intentional misconduct.

Instead, the Court of Appeals clearly reversed the trial court's admission of Mr. Heusser's testimony solely on the grounds that the way in which the State sought to use PC-CRASH was not accepted by the relevant scientific community. The Court of Appeals specifically found that use of the PC-CRASH program was only reliable for the purpose of predicting a single-impact crash, and not to predict interior occupant movement in a multi-impact accident. *Sipin*, 130 Wn. App. at 421. The court maintained that "[i]t is not our task to determine whether a scientific method or theory is correct. Such is beyond the expertise of the courts." *Sipin*, 130 Wn. App at 419. Therefore the court did not attack Mr. Heusser's conduct. There is no basis to conclude that non-acceptance by members of the relevant scientific community is somehow synonymous with fraud, perjury or corruption.

Plaintiff also argues that the immunity should not apply because it does not cover non-testimonial conduct. This argument was been flatly rejected by the Washington Supreme Court. "[W]itness immunity applies not only to testimony, but also *to the basis of a witness's testimony*[.]" *Wynn v. Earin*, 163 Wash.2d 361, 370 (2008) (emphasis added). Specifically, "acts and communications which occur in connection with the preparation of that testimony" are covered by the immunity. *Bruce*, 113 Wash.2d at 136. Here, Mr. Heusser was hired by the State solely for litigation purposes, and his non-testimonial actions were performed in anticipation of litigation. Thus, Mr. Heusser's conduct outside his actual testimony is clearly covered by the witness immunity doctrine.

In addition, the cases Plaintiff relies upon are not persuasive. First, Plaintiff cites only federal cases discussing the federal law on witness immunity to contend that the immunity does not apply to his state law claims. However, Plaintiff should need no reminder that a federal court entertaining state law claims must apply state law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

In any event, the cases Plaintiff cites are easily distinguishable. For example, Plaintiff relies heavily upon *Paine v. City of Lompoc* in his response. 265 F.3d 975 (9th Cir. 2001). *Paine* involved prosecutorial misconduct by an attorney who stepped into the shoes of a detective by fabricating evidence. Here, there is no indication that Mr. Heusser engaged in such conduct. Mr. Heusser was certainly acting within the scope of his role as an expert witness during Plaintiff's criminal trial. Once again, the fact that the Court of Appeals concluded that the manner in which Mr. Heusser employed the PC-CRASH program was not accepted by the scientific community is not synonymous with the fabrication of evidence.

Relatedly, Plaintiff's reliance on these Ninth Circuit cases also supports dismissal of his federal malicious prosecution claim. Federal law, just as state law, recognizes that witnesses enjoy immunity for claims brought on the basis of their testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 330-32 (1983) (applying doctrine to provide immunity to witness who had allegedly given perjurious testimony during a criminal trial on the issue of guilt); *see also Holt v. Castaneda*, 832 F.2d 123, 124 (9th Cir. 1987) (extending doctrine to apply to allegedly perjurious statements made by a witness during pretrial proceedings in a criminal case). Similar to the reasons behind the state law privilege, the Supreme Court has found that "in damages suits against witnesses, the claims of the individual must yield to the dictates of public policy, which requires that the paths which lead to the ascertainment of truth should be left as free and unobstructed as possible." *Briscoe*, 460 U.S. at 332-33 (internal quotations and citation omitted). To the extent an individual asserts a violation of his rights under 42 U.S.C. § 1983, "[i]t is equally clear that § 1983 does not authorize a damages claim against private witnesses[.]" *Id*. at 335.

Here, Mr. Heusser is immune from any civil liability for any federal law claims brought by Plaintiff arising out of his testimony for the same reasons mentioned above. There was nothing malicious about Mr. Heusser's testimony, nor is there any indication outside of Plaintiff's conclusory statements that Mr. Heusser engaged in any intentional misconduct in preparing or giving his testimony. Plaintiff's arguments claiming that Mr. Heusser's testimony is somehow outside the scope of this privilege are rejected.

As a result, there is no need for the Court to address whether Plaintiff has satisfied the elements of his claims against Mr. Heusser. Any civil liability against Mr. Heusser is barred by the witness immunity doctrine.

### III. CONCLUSION

Having reviewed the relevant pleadings, and the remainder of the record, the Court hereby finds and ORDERS:

(1) "Defendants Ronald B. Heusser and Engineering Accident Analysis' Motion for Partial Summary Judgment" (Dkt. #30) is GRANTED. Plaintiff's state law claims for negligence and malicious prosecution against Mr. Heusser and Engineering Accident Analysis are dismissed. Plaintiff's federal law claim for malicious prosecution against Mr. Heusser and Engineering Accident Analysis are also dismissed.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 18th day of June, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE